Nash, O. J.
 

 The plaintiffs’ declaration contains but one count, and that in trover. A man by the name of Howell received from
 
 W.
 
 O. Hill, one of the plaintiffs, a quantity of butter to haul to market, for which he gave the receipt set out in the case, in which ho contracted to deliver the butter to G. F. Mason, in Greenville, South Carolina. Howell did not deliver the butter to Mason, hut it was taken on by him to Augusta, and there sold; and with the proceeds of the butter, and of other articles belonging to Hwvell, the latter purchased fifteen sacks of salt. Howell, being unable himself to return to North Carolina, delivered his wagon and team, and the salt, to the defendant, Eobison, to whom he- was indebted, with directions to deliver to. "W. O. Hill ten o-f the sacks of salt, as he had purchased that quantity for him, and after delivering to his wife as much of the remainder as she might need,, to sell the residue and the wagon and team, and pay what was due him. Upon demand, the defendant, Eobison, refused to. deliver to the plaintiffs any portion of the salt, and this action of trover was brought.
 

 The first objection raised by the defendant to the plaintiffs’ recovery i's, that the contract of' Howell was not made with the firm, but with
 
 W.
 
 C. Hill alone. His Honor’s decision on this point was correct, and the plaintiffs were not estopped by the receipt from showing in any other way, if they could, that the butter was the property of the firm. A receipt is not conclusive upon the parties, but it may be explained. See
 
 Love v. Wall,
 
 1 Hawks. 313 ; 4th pt. Starkie on Evidence, 1044, 1272.
 

 The second objection is fatal to the plaintiffs’ action. The fifteen sacks of salt were purchased with the joint funds of the plaintiffs and of Howell—five for the latter, and ten for
 
 *504
 
 the former; but no specific bags were set apart, either by IIow'ell or Robison, as the property of the plaintiffs, and until that was done an action of trover could not be sustained by the plaintiffs for any portion of the salt. In an action of trover the plaintiff must show title to the specific property converted at the time of the conversion, or of his then present right of possession. In this case no portion of the salt has been so set apart as the property of the plaintiffs; no specific part, therefore, vested in him. If A sell to B all tire corn in a particular barn, and afterwards refuses to deliver it, B may maintain an action of trover for the conversion of the corn; but if the contract is for a portion less than the whole, then B could maintain an action for a violation of the contract in the refusal to deliver, but not an action of trover.
 
 Jones
 
 v.
 
 Morris,
 
 7 Ire. Rep. 370. On this part of the case his Honor instructed the jury, that if Howell, as the agent of the plaintiffs, had, with the proceeds of the butter, purchased for the plaintiffs ten bags of salt, the plaintiffs had a property in them at their option, and might recover for a wrongful conversion, although there had been no separation of the sacks belonging to each from the other. In this there is error. All the bags were alike—each holding about three bushels of salt; none of them were marked for the plaintiffs. Until such separation they were tenants in common, and neither could maintain an action of trover.
 

 Eor the reasons assigned by his Honor, the third exception cannot avail the defendant.
 

 Per Curiam.
 

 Judgment reversed, and a
 
 venire de novo.